James Wallace WOLFE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-84-560.

Court of Criminal Appeals of Oklahoma.

April 29, 1987.

 

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

PARKS, Judge:

The appellant, James Wallace Wolfe, was charged, tried and convicted in the District Court of Coal County, Case No. CRF–83–60, for the offense of First Degree Murder. The jury assessed punishment at life imprisonment, and judgment and sentence was imposed in accordance with the jury's verdict.

The facts of this case are relatively uncomplicated. Ninety-one year old Nancy Yoakum had been the victim of an assault by the appellant's brother. Appellant had threatened Ms. Yoakum in an attempt to force her to dismiss the charges. In the early morning hours of June 12, 1983, appellant went to Ms. Yoakum's apartment, apparently to again urge her to dismiss charges against his brother. Appellant claimed Ms. Yoakum pulled a pistol, and that he stabbed her twice with a pocket knife, the attack injuring her heart and causing her death. A pistol was found in Ms. Yoakum's pocket. Appellant had told several persons he would "get" Ms. Yoakum if she did not dismiss the charges pending against his brother. After the murder, he told a friend, "I made damn sure she's dead. She won't do no more talking."

## I.

In his first two asssignments of error, the appellant asserts that portions of his tape recorded statement were improperly admitted into evidence, inasmuch as the statement was made during plea negotiations with the prosecutor, and was coerced by law enforcement officials. However, we find that appellant failed to properly preserve this error at trial, and it is waived for purposes of appeal.

Title 12 O.S.1981, § 2104(A)(1) requires that objections to the admission of evidence must be both *specific* and *timely*, in order for merits of the objection to be considered on appeal. At trial, counsel objected "for the purposes of appeal," but stated no reason for his objection. Accordingly, we find that any argument regarding admission of the tapes has been waived.

## II.

Next, appellant complains that the jury herein did not represent a fair cross-section of society, a right guaranteed by the Sixth Amendment to the Federal Constitution. However, we rejected this precise argument in *Walker v. State,* 723 P.2d 273, 282 (Okl.Cr.1986), and we adhere to that holding today.

The judgment and sentence of the District Court is

AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.